UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND JEROME ARDLEY,

    PLAINTIFF,

-vs-                                                      Case No. 1:16-cv-00008-WTH-GRJ

CAROLYN W COLVIN,

    DEFENDANT.
_____/

## **O R D E R**

This matter is before the Court on ECF No. 19, the Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. Plaintiff filed objections, ECF No. 20, and this Court has conducted a de novo review of the objected-to sections. For the reasons which follow the Report and Recommendation is adopted.

Plaintiff raises the same two issues in his memorandum in opposition, ECF No. 17, and his objections, ECF No. 20: (1) that the Administrative Law Judge ("ALJ") misapplied the Eleventh Circuit's credibility standard because he relied too much on the fact that during the hearing the plaintiff gave the wrong year for an alleged heart attack and that the ALJ then failed to give other reasons for finding plaintiff not credible; and (2) that the ALJ failed to properly justify giving

little weight to the opinion of a Dr. Dewey, who had examined plaintiff at plaintiff's request and found him to be much more disabled than all the other doctors did. Upon consideration, this Court agrees with the Magistrate Judge that the ALJ did articulate many reasons to support his credibility determination beyond plaintiff giving the wrong date and that the ALJ gave specific, valid reasons for giving little weight to Dr. Dewey's opinions.

The ALJ did note that plaintiff's complaints of chest pain occurred in 2012 and not in 2010, but did not make that the basis of his credibility complaint. Instead, the ALJ listed the following specific reasons to doubt plaintiff's credibility in describing the level and intensity of his disabilities: (1) plaintiff worked on several occasions after his alleged onset date; (2) plaintiff applied for unemployment benefits in 2011, during which he had to certify that he was ready, willing, and able to work; (3) plaintiff testified that he had right leg pain between 2010 and 2011, but the medical records do not show significant leg pain during that time but do show a normal gait; (4) plaintiff testified that he had a heart attack when the medical records show that he was never so diagnosed – instead, he was diagnosed with an elevated ST segment which was probably normal for him; (5) plaintiff did not consistently seek medical care for the alleged pain in 2009 through 2011, except for physicals related to attempting to work; and (6) none of the physicians until Dr. Dewey imposed any work restrictions on plaintiff

*Case No: 1:16-cv-00008-WTH-GRJ*

and their notes showed no postural, manipulative, visual, communicative or environmental limitations.

The ALJ also gave the following reasons for giving little weight to Dr. Dewey's opinion: (1) Dr. Dewey only examined plaintiff once, in December of 2013; (2) Dr. Dewey did not review plaintiff's medical history; (3) the objective medical findings in Dr. Dewey's notes do not support the limitations in his opinion, which appear to be based primarily on plaintiff's subjective complaints; (4) Dr. Dewey's opinion disagrees with the opinions of, and medical findings made by, all of the other examining physicians; and (5) Dr. Dewey does not explain the reasons for his findings of severe limitations or why other doctors were wrong in failing to find such limitations.

For these reasons, the ALJ's decision denying benefits was supported by substantial evidence, and plaintiff's arguments opposing that decision are without merit. Accordingly,

IT IS ORDERED:

The Report and Recommendation of the Magistrate Judge, ECF No. 19, is accepted and incorporated herein. The Clerk is directed to enter a judgment stating as follows: "The decision of the Commissioner, denying benefits, is affirmed." The Clerk is directed to close the file.

DONE and ORDERED at Gainesville, Florida this 11th day of October, 2017.

*[signature]*

UNITED STATES DISTRICT JUDGE